Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT
APR 16 2002
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
APR 15 2002
4-15-02
CENTRAL DIST...

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZAMORA,<br><br>    Petitioner,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. CV 02-1463-DDP(RC)<br><br>MEMORANDUM DECISION AND ORDER ON REQUEST FOR EXTENSION OF TIME TO FILE FEDERAL HABEAS CORPUS PETITION PENDING EXHAUSTION OF STATE REMEDIES<br><br>**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).** |

On February 20, 2002, petitioner Richard Zamora, a person in state custody proceeding pro se and in forma pauperis, filed a "Request for Extension of Time to File Federal Habeas Corpus Petition Pending Exhaustion of State Remedies" **without filing an actual habeas corpus petition**. The petitioner provides no information regarding the date, place or nature of his conviction,[1] and further provides limited and vague information regarding the appeal, any review or exhaustion of state court remedies.[2] Rather, the petitioner states that he is requesting a "9 month's [sic]" extension of time to

---

[1] Without this information, the Court is unable to determine whether venue is proper. See 28 U.S.C. § 2241(d).

[2] Without this information, the Court is unable to determine whether jurisdiction is proper. See 28 U.S.C. § 2254(b) and (c).

APR 16 2002

file his federal habeas corpus petition because, among other things, he "is in the process of exhausting state remedies[, and] furthermore, . . . is not assisted by counsel and is a layman to the law." Finally, the petitioner does not set forth the claims **to be presented** in his habeas corpus petition.

## DISCUSSION

Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules") provides that the Rules govern the procedure in the district courts on an application under 28 U.S.C. § 2254 by a person in custody pursuant to a judgment of a state court. 28 foll. U.S.C. § 2254, Rule 1. Rules 2(a) and 2(c) specifically provide that the application shall be substantially in the form of a petition for a writ of habeas corpus, as annexed to the Rules, in which the state officer having custody of the applicant is named as respondent. Id., Rule 2. Rule 2(d) provides that the petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court. Id. Finally, Rule 2(e) provides that "[i]f a petition . . . does not substantially comply with the requirements of rule 2 or rule 3, **it may be returned to the petitioner, if a judge of the Court so directs,** together with a statement of the reason for its return. . . ."[3] Id. (emphasis added).

Here, petitioner has failed to file a petition for writ of habeas corpus on the prescribed form, and has failed to provide the pertinent information, thereby not complying with Rule 2(c), (d), and (e). Nevertheless, the clerk filed the "Request,"

---

[3] The Advisory Committee's Notes to Rule 2 explain that, under subdivision (e), the clerk is allowed to return "an insufficient petition to the petitioner, and . . . [a]ny failure to comply with the requirements of Rule 2 or 3 is grounds for insufficiency. . . ."

2

1  failing to ascertain that it does not, on its face, comply with Rule 2.[4]  This Court,
2  however, cannot ignore the fact that no habeas corpus petition has been filed by
3  petitioner.

5  The petitioner candidly states he has not exhausted his state court remedies.
6  However, a state prisoner must exhaust his state court remedies before petitioning for a
7  writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); O'Sullivan v.
8  Boerckel, 526 U.S. 838, 842-43, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999); Rose v.
9  Lundy, 455 U.S. 509, 515-16, 102 S.Ct. 1198, 1201-02, 71 L.Ed.2d 379 (1982);
10 Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert.
11 denied, 119 S.Ct. 274 (1998).  "The exhaustion-of-state-remedies doctrine, now
12 codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an
13 accommodation of our federal system designed to give the State an initial opportunity to
14 pass upon and correct alleged violations of its prisoners' federal rights."  Picard v.
15 Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal
16 quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119
17 S.Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).  "The exhaustion
18 doctrine is principally designed to protect the state courts' role in the enforcement of
19 federal law and prevent disruption of state judicial proceedings."  Rose, 455 U.S. at
20 518, 102 S.Ct. at 1203.

22 Rule 4 provides that "[i]f it plainly appears from the face of the petition and any
23 exhibits annexed to it that the petitioner is not entitled to relief in the district court, the

---

[4] Rule 3(b) provides that "[u]pon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, **and having ascertained that the petition appears on its face to comply with rules 2 and 3**, the clerk of the district court shall file the petition and enter it on the docket in his office. . . ."  28 foll. U.S.C. § 2254, Rule 3 (emphasis added).

judge shall make an order for its summary dismissal. . . ." 28 foll. U.S.C. § 2254, Rule 4. Here, it appears on the face of the "Request" that the petitioner has not complied with the Rules, and the instant action, thus, should be summarily dismissed without prejudice.

## ORDER

IT IS ORDERED that petitioner's "Request For Extension of Time To File Federal Habeas Corpus Petition Pending Exhaustion of State Remedies" be DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall return the "Request" to the petitioner.

DATE: 3-20-02

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: Feb. 25, 2002

_____
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

S:\DOCS\R&R's-MDO's\R&r--02\02-1463.mdo.wpd
2/25/02

4